# EXHIBIT A



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of <br><br> KARLINE JEAN, <br><br>                             Complainant, <br><br>             v. <br><br> ROOSEVELT ISLAND OPERATING CORPORATION, <br><br>                        Respondent. | DETERMINATION AND ORDER AFTER INVESTIGATION <br><br> Case No. 10212585 |

Federal Charge No. 16GC102215

On 7/8/2021, Karline Jean filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of disability, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The investigation revealed insufficient evidence that the Complainant was discriminated against by the Respondents based on employment because of disability, opposed discrimination/retaliation.

The Complainant asserted that on March 19, 2021, she submitted a request for a reasonable accommodation to continue working at home because of her high-risk category for contracting COVID-19 due to underlying medical conditions, and that the request included a letter from her physician stating that she would need to continue to work from home as a reasonable accommodation to avoid increasing her risk of contracting COVID-19. The Complainant noted that all office employees had been working at home since March 2020. On April 20, 2021, she received an email from Tajuna Sharpe, Human Resources, stating that the reasonable accommodation request had been denied, and that the Complainant needed to return to the office

the next day, April 21st.

The Complainant believed that the denial was also issued in retaliation for her reporting the matters pertaining to Susan Rosenthal, former President/Chief Executive Office, in June 2020, in which she detailed certain actions of Ms. Rosenthal which created a discriminatory and hostile working environment at the Respondent and adversely affected employees including the Complainant. The Complainant participated in interviews during the investigation, and following the investigation, Ms. Rosenthal was removed.

The Complainant was scheduled to work three days in the office, a fourth day to organize the Respondent's legal files, and to be assigned the role of the receptionist while the receptionist has been working from home.

The Respondent denied that the Complainant was discriminated against.
The Respondent asserted that just before the Complainant's scheduled return to the office from medical leave in March 2020, the COVID-19 pandemic caused the Governor to issue Executive Order 202 – "NY on PAUSE," which required all non-essential personnel to work remotely from home which also included the Complainant and other members of the Legal Department.

The Respondent asserted that on June 12, 2020, the Complainant sent a state-wide email to officials, politicians, and media outlets claiming systemic racism and racially discriminatory practices at the Respondent which ultimately set a chain of events in motion that resulted in the Respondent's then President and CEO, Susan Rosenthal, being terminated. The Complainant's allegations were not the reason for Ms. Rosenthal's firing, but the investigation that ensued revealed other findings to justify the action. The Respondent asserted that it requested the Complainant to be scheduled to report to work on September 8, 2020, and Ms. Robinson had sent the Complainant an email on August 27th informing her of the same. On August 28th as the Complainant had not acknowledged receipt of the prior emails, but called out sick after the Labor Day weekend, on Tuesday, September 8th. On that same day, the Complainant submitted a doctor's note that stated she needed to continue working from home due to "heightened health concerns" in the event of catching COVID-19, and the Respondent management granted her request and allowed her to continue working from home through the remainder of 2020.

The Respondent asserted that it began contemplating moving its administrative office to another location on Roosevelt Island, in January 2021. In preparation for that office move, Ms. Robinson added the Complainant to the planning committee for the purpose of assessing and assisting in the relocation of the Legal Department files and cabinets as well as disposing of files and other documents that were due for purging/shredding. On March 22nd, the Complainant submitted her request to Human Resources for a reasonable accommodation due to underlying health issues of asthma and hypertension, when she reported to the office for work that day. The request also stated that the underlying medical condition was temporary, and that the Complainant should be permitted to continue working from home for a period of six months. The Respondent asserted that the Complainant did not identify how she would be able to perform essential job functions such as covering the front desk, assisting the public who visit the office, accepting deliveries to the office, or managing Legal Department files. The request was denied because aspects of the Complainant's duties and responsibilities required her to physically be in the office; she had

- 2 -

already demonstrated an ability to come to the office by virtue of voluntarily reporting to work on March 22nd, April 8th, and 9th, and because there was an operational hardship for other Respondent administrative staff who were filling in during her absence.

Ms. Robinson then requested that the Complainant report to work on Mondays, Tuesdays, and Wednesdays, starting on April 21st. She was also told to contact the Human Resources Department for further explanation if she had any questions regarding the denial of her reasonable accommodation request, but on April 23, 2021, the Complainant informed Ms. Robinson that she intended to appeal the decision because it was unfairly made, and no substantial explanation had been provided. The Complainant was referred to the Human Resources Director to discuss her Reasonable Accommodation request and to continue the interactive process, but the Complainant did not request any further explanation from Human Resources.

The investigation revealed that despite being given opportunities to do so, the Complainant failed to refute the reasons given by the Respondent for how she was treated. Furthermore, the Complainant failed to proffer evidence connecting her class membership to any action taken against her by the Respondent.

The investigation revealed that the Complainant had been granted an approved medical leave of absence and an allowance for physical therapy by the Respondent. The investigation further revealed that the Complainant was permitted to continue working remotely from home beginning in September 2020 through mid-April 2021 although the Respondent requested that the Complainant provide coverage at the front desk on a periodic basis. Prior to September 2020, the Respondent employees were permitted to work remotely beginning mid-March 2020.

With regard to the retaliation claim, the investigation revealed that the denial of the requested accommodation was not connected with Complainant's protection activity, and no other adverse employment action was taken against the Complainant at the time the instant complaint was filed.

The Respondent has articulated a legitimate, non-discriminatory reason for how the Complainant was treated which have not been proven to be a pretext for discrimination, nor does the evidence indicate that reasonable accommodation could have been provided as Complainant requested without eliminating job duties that were necessary to Respondent's operation.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:          **NOV 1 5 2021**

New York, New York

STATE DIVISION OF HUMAN RIGHTS

By:     *David E. Powell*

David E. Powell
Regional Director

- 4 -